IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. 24-CR-00716-KG

KEVIN VALLO,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Kevin Vallo, by and through her counsel of record, Assistant Federal Public Defender Buck Glanz, respectfully files the following Sentencing Memorandum and requests that the Court accept the plea agreement and sentence Mr. Vallo to twenty-five years. Such sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes for sentencing.

## PROCEDURAL BACKGROUND

On December 19, 2024, Mr. Vallo entered a guilty plea pursuant to a Rule 11(c)(1)(C) to count 1 of the indictment charging one count of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256. (Doc. 29). The Presentence Investigation Report (PSR) (Doc. 32) calculated a guideline imprisonment range of 360 months. (PSR ¶ 71). Mr. Vallo asks this court, in consideration of the 18 U.S.C. § 3553(a) factors, to accept the plea agreement and sentence him to twenty-five years in custody.

## ARGUMENT

1

A court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koons v. United States,* 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal courts is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (internal citations omitted). A sentencing court should "engage in a holistic inquiry of the § 3553(a) factors." *United States v. Barnes,* 890 F.3d 910, 916 (10th Cir. 2018) (citations omitted).

A. <u>Nature and Circumstances of the Offense & Mr. Vallo's History and Characteristics</u>

Although Mr. Vallo's term of release was tarnished by picking up new serious charges he did make positive changes after his release. He maintained gainful employment working two jobs. (PSR ¶ 67). He attended counseling and received treatment for mental health. (*Id*. at ¶ 63). He was largely successful at maintaining sobriety. (*Id*. at ¶ 65). These are positive developments that correlate with progress towards avoiding recidivism.

<u>A Sentence of Twenty-five Years Accomplishes the Goals of Sentencing</u>

The task before the Court at sentencing is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of punishment. A sentence is sufficient, but not greater than necessary, if it (a) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant, and (d) provides the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1. *A sentence of twenty-five years reflects the seriousness of the offense, promotes respect for the law, and will adequately deter criminal conduct.*

Mr. Vallo is forty years old. If the Court accepts the plea agreement and sentences him to twenty-five years he will be released well into his sixties. This is a very lengthy sentence. According to a recent CDC study, the life expectancy of an American Indian Male is 71.8 years.[1] A twenty-five-year sentence will adequately deter Mr. Vallo as he will likely be near the end of his life upon his release. This lengthy term of incarceration will deter him form future criminal conduct.

2. *A twenty-five-year sentence will provide just punishment for the offense and adequately protect the public.*

A twenty-five-year sentence will protect the public because Mr. Vallo will be incarcerated for an extremely long time. For the same reason, it will provide just punishment for the offense.

## CONCLUSION

Considering the sentencing factors set forth in 18 U.S.C 3553(a) a sentence of twenty-five years will achieve the statutory purposes of sentencing. For all the reasons set forth above, Mr. Vallo humbly requests the court consider imposing this sentence.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

*Electronically filed March 17, 2025*

---

[1] https://stacks.cdc.gov/view/cdc/110370

/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant